UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Respondent/Plaintiff,<br><br>　v.<br><br>MARCUS HAMMON,<br><br>　　　　Petitioner/Defendant. | Case No. 2:16-cr-00234-KJD-VCF<br>No. 2:20-cv-01161-KJD<br><br>ORDER |

Presently before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (#72) and Petitioner's Motion to Supplement (#73). The Government filed a response in opposition (#76) to which Petitioner replied (#77).

I.　　Factual and Procedural Background

On February 5, 2016, Movant Marcus Hammon ("Defendant" or "Hammon") and his co-conspirators entered a Verizon Wireless store in Las Vegas. One of the co-conspirators brandished a firearm and ordered an employee to open the store's safe. Hammon and his co-conspirators robbed the store by taking cell phones, electronics, and cash from the store's inventory and loaded them into a van driven by a getaway driver.

On August 2, 2016, a federal grand jury returned an indictment charging Hammon with conspiracy to interfere with commerce by robbery ("Hobbs Act conspiracy") in violation of 18 U.S.C. § 1951 (Count One); interference with commerce by robbery ("Hobbs Act robbery)" in violation of 18 U.S.C. §§ 1951 and 2 (Count 2); and brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. §§ 924(c) and 2 (Count 3). (#51). On December 12, 2016, pursuant to a plea agreement, Hammon pleaded guilty to Counts 2 and 3. Hammon was sentenced on March 28, 2017, and he did not appeal.

Hammon brings the present motion asking the Court to vacate his sentence in light of recent

Supreme Court decisions. Hammon argues that pursuant to United States v. Davis, 139 S. Ct. 2319 (2019), Hobbs Act robbery and aiding and abetting Hobbs Act robbery is not a crime of violence. Hammon also argues Hobbs Act robbery is not a crime of violence under Borden v. United States, 141 S. Ct. 1817 (2021).

II.     Legal Standard

A federal prisoner may move to "vacate, set aside or correct" his sentence if it "was imposed in violation of the Constitution." 28 U.S.C. § 2255(a). When a petitioner seeks relief pursuant to a right recognized by a United States Supreme Court decision, a one-year statute of limitations for seeking habeas relief runs from "the date on which the right asserted was initially recognized by the Supreme Court." 28 U.S.C. § 2255(f)(3). The petitioner bears the burden of demonstrating that his petition is timely and that he is entitled to relief.

Hobbs Act robbery makes it illegal to obstruct, delay, or affect commerce or the movement of commerce by robbery or extortion. 18 U.S.C.A. § 1951(a). In relevant part it states:

> (1) The term "robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

Id. The Ninth Circuit has ruled that Hobbs Act armed robbery is a crime of violence for purposes of 18 U.S.C. § 924(c)(3)(A). United States v. Dominguez, 954 F.3d 1251, 1255 (9th Cir. 2020); United States v. Mendez, 992 F.2d 1488 (9th Cir. 1993).

Section 924(c) carries heightened criminal penalties for defendants who use, carry, or possess a firearm during and in relation to a "crime of violence." Section 924(c)(3) provides:

> the term "crime of violence" means an offense that is a felony and–
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

The first clause is considered the "elements clause" and the second is considered the "residual

clause." On June 24, 2019, the Supreme Court held in Davis, that the "residual clause" in the definition of a "crime of violence," 2018 U.S.C. § 924(c)(3)(B), is unconstitutionally vague. Davis, 139 S. Ct. at 2336.

The Ninth Circuit has held, post-Davis, by clear and binding mandate, that Hobbs Act robbery remains a crime of violence under the elements clause. United States v. Knight, No. 21-10197, 2023 WL 34698, at *2 (9th Cir. Jan. 4, 2023); Young v. United States, 22 F. 4th 1115, 1122-23 (9th Cir. 2022); see also United States v. Watson, 881 F.3d 782 (9th Cir. 2018). The Ninth Circuit has also held that there is no distinction between aiding and abetting and that "it is simply one means of committing the underlying crime" and that aiding and abetting a crime of violence categorically qualifies as a crime of violence, even after Davis. Young, 22 F. 4th, at 1123.

In 2021, in Borden, the Supreme Court was tasked with determining "whether a criminal offense can count as a violent 'felony' if it requires only a mens rea of recklessness– a less culpable mental state than purpose or knowledge." Borden, 141 S. Ct. at 1821. The answer is no. The Court made clear that "[p]urpose and knowledge are the most culpable levels in the criminal law's mental-state 'hierarchy'" and "[r]ecklessness and negligence are less culpable mental states[.]" Id. at 1823. Specifically, the Court held that the Armed Career Criminal Act ("ACCA") elements clause (18 U.S.C. § 924(e)(2)(B)(i)) does not encompass crimes with a mental state of recklessness. Id. at 1835.

III.    Analysis

**A.  Davis Decision**

Hammon argues that his sentence should be vacated because it violates his constitutional rights pursuant to the Supreme Court's decision in Davis. (#72, at 18). He argues that Hobbs Act robbery itself is not a crime of violence, and that aiding and abetting Hobbs Act robbery is not a crime of violence under the elements clause. Id. at 7, 12.

At the time Hammon filed the present motion, in June of 2020, the Ninth Circuit nor the Supreme Court had resolved whether aiding and abetting Hobbs Act robbery was a crime of violence under the elements clause of § 924(c). However, the Ninth Circuit has squarely held

that (1) Hobbs Act robbery is a crime of violence, and (2) there is no distinction between aiding and abetting liability and liability as a principal. Young, 22 F. 4th at 1123. These rulings, which are binding on this Court, directly contradict Hammon's arguments.

**B. Borden Decision**

Hammon also relies on the recent Supreme Court ruling in Borden v. United States, 141 S. Ct. 1817 (2021) to argue that "to meet the elements clause, a predicate offense must require an intentional mens rea for the use, attempted use, or threatened use of force." (#73, at 3). Because of this, Hammon argues, his § 924(c) sentence is unconstitutional. Id. at 4. The Court disagrees.

Hammon asks the Court to extend the Borden holding regarding the ACCA elements clause (18 U.S.C. § 924(e)(2)(B)(i)) to § 924(c) because of the nearly identical elements clause– "use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Hammon argues that Borden stands for the proposition that "the elements clause mandates the predicate offense statute must require 'a deliberate choice with full awareness of consequent harm' against 'the object of the intentional act.'" (#73, at 5). Or in other words, that Borden limits crimes of violence to specific intent crimes. Hammon asserts that "[b]ecause both aiding and abetting Hobbs Act robbery and substantive Hobbs Act robbery do not require *intentional* use, attempted use, or threatened use of force they do not qualify as crimes of violence under the elements clause of § 924(c)." Id. at 6. Rather, Hammon argues that Hobbs Act robbery is only a general intent crime and that "knowing" conduct is "an implied and necessary element of Hobbs Act robbery," and a "knowing mens rea equates with recklessness." (#73, at 8). He also argues that "purpose corresponds to the concept of specific intent, while knowledge corresponds to general intent." Id. at 9.

However, Borden clarified that the elements clause in the ACCA "covers purposeful and knowing acts, but excludes reckless conduct[.]" Borden, 141 S. Ct. at 1826. This flatly contradicts Hammon's assertion that a knowing mens rea equates with recklessness. The Court went on to explain that purposeful *and* knowing conduct is obvious and sufficient under the elements clause. Id. Also, neither Hobbs Act robbery nor aiding and abetting Hobbs Act robbery has a mens rea of recklessness. Therefore, Borden does not apply here. As stated by Hammon,

"criminal intent–acting 'knowingly or willingly'–is an implied and necessary element that government must prove for a Hobbs Act conviction." United States v. Dominguez, 954 F.3d 1251, 1261 (9th Cir. 2020); see United States v. Du Bo, 186 F.3d 1177, 1179 (9th Cir. 1999).

The Ninth Circuit has held that Hobbs Act robbery and aiding and abetting a Hobbs Act robbery is a crime of violence, and Borden does not change that. Further, post-Borden, the Ninth Circuit has affirmed that robbery under 18 U.S.C. § 924(c), even under aiding and abetting liability is still a crime of violence. United States v. Joseph, No. 19-169767, 2022 WL 850036, at *1 (9th Cir. Mar. 22, 2022).

IV.     Certificate of Appealability

Finally, the Court must deny a certificate of appealability. To proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b); 9th Cir. R. 22-1; Allen v. Ornoski, 435 F.3d 946, 950-951 (9th Cir. 2006); see also United States v.Mikels, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. Id.; 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. (*quoting* Slack, 529 U.S. at 484). To meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. Id. Hammon has not met his burden in demonstrating any of the above. The Ninth Circuit has disposed of his arguments in clear fashion.

//
//
//
//
//
//

V.     Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (#72) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court enter **JUDGMENT** for Respondent and against Movant in the corresponding civil action, 2:20-cv-01161-KJD, and close that case;

**IT IS FURTHER ORDERED** that Movant is **DENIED** a Certificate of Appealability.

DATED this 5th day of July 2023.

Kent J. Dawson
United States District Judge